**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 19-3008

———————

UNITED STATES OF AMERICA

v.

FERNANDINO RODRIGUEZ-COLON,
Appellant

———————

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Criminal No. 1-18-cr-00190)
District Judge: Hon. Sylvia H. Rambo

———————

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
September 10, 2020

Before: CHAGARES, HARDIMAN, and MATEY, *Circuit Judges*.

(Filed: September 16, 2020)

———————

OPINION[*]

———————

_____

[*] This disposition is not an opinion of the full Court and, pursuant to I.O.P. 5.7, does
not constitute binding precedent.

MATEY, *Circuit Judge*.

Fernandino Rodriguez-Colon appeals the denial of his motions to suppress his statements to police and evidence found pursuant to a search warrant. Finding no error, we will affirm.

## I. BACKGROUND

A search at a residence ("Residence") found narcotics, firearms, drug paraphernalia, and money. The warrant permitting the search relied, in part, on law enforcement dealings with two confidential informants ("CS1" and "CS2"). CS1 participated in two controlled drug purchases with Rodriguez-Colon, and during one of these purchases, Rodriguez-Colon was observed leaving the Residence before selling drugs to CS1. On another occasion, CS2 conducted two controlled drug purchases at the Residence. Rodriguez-Colon, who was present at the Residence at the time police officers executed the search warrant, was placed into custody and given his *Miranda* warnings. Although he did not initially assert his right to remain silent or to counsel, he asserted both rights upon arrival at the police station. Rodriguez-Colon then complained of health issues and officers took him to a medical center for a check-up where, while awaiting a doctor, he spoke with the officers.

Following criminal charges, Rodriguez-Colon moved to suppress all evidence obtained as a result of the search warrant, claiming the warrant affidavit was invalid. He also moved to suppress evidence of statements made at the medical center, claiming a *Miranda* violation. The District Court denied both motions. Rodriguez-Colon then entered conditional guilty pleas to drug distribution and possession of a firearm in violation of 21

2

U.S.C. §§ 841(a)(1) and (b)(1)(C) and 18 U.S.C. § 924(c)(1)(A). The District Court sentenced him to 262 months' imprisonment. Rodriguez-Colon now appeals, claiming that the District Court erred in denying his motions to suppress.[1]

## II. ANALYSIS

**A.    Rodriguez-Colon's Motion to Suppress the Seized Evidence**

Rodriguez-Colon argues the District Court erred in denying the motion to suppress evidence obtained as a result of the search warrant because the affidavit supporting the search warrant contained material omissions critical to determining probable cause. "[W]hen the Fourth Amendment demands a factual showing sufficient to comprise 'probable cause,' the obvious assumption is that there will be a *truthful* showing." *Franks v. Delaware*, 438 U.S. 154, 164–65 (1978) (alteration and emphasis in original) (quoting another source). To "overcome the general presumption that an affidavit of probable cause supporting a search warrant is valid," a defendant must first "make a 'substantial preliminary showing' that the affidavit contained a false statement, which was made knowingly or with reckless disregard for the truth, which is material to the finding of probable cause." *United States v. Yusuf*, 461 F.3d 374, 383 (3d Cir. 2006) (quoting *Franks*, 438 U.S. at 171). "[T]o make this preliminary showing, the defendant cannot rest on mere conclusory allegations or a 'mere desire to cross-examine,' but rather must present an offer of proof contradicting the affidavit." *Id.* at 383 n.8 (quoting *Franks*, 438 U.S. at 171).

---

[1] The District Court had jurisdiction under 18 U.S.C. § 3231, and we have jurisdiction under 28 U.S.C. § 1291. We review findings of fact for clear error, while exercising plenary review over legal determinations. *United States v. Lewis*, 672 F.3d 232, 236–37 (3d Cir. 2012); *United States v. Benton*, 996 F.2d 642, 644 (3d Cir. 1993).

Rodriguez-Colon does not meet this requirement. His challenge contains no offer of proof and merely questions the general reliability of confidential sources. For instance, he argued to the District Court that if granted a hearing, "[i]t is anticipated that the informants will tell the defense that they did not buy controlled substances from Mr. Colon from within his residence." (App. at 40.) Neither Rodriguez-Colon's speculation, nor his desire to cross-examine the informants, suffices for a *Franks* hearing or suppression.[2] So the District Court properly denied Rodriguez-Colon's motion without a hearing.

## B. Rodriguez-Colon's Motion to Suppress His Statements

Rodriguez-Colon next contends that inculpatory statements he sought to suppress were obtained in violation of *Miranda*. After invoking the Fifth Amendment right to silence or the right to counsel, any statements by the defendant obtained through express questioning or the "functional equivalent" of a custodial interrogation must be suppressed. *Rhode Island v. Innis*, 446 U.S. 291, 300–01 (1980) (citing *Miranda v. Arizona*, 384 U.S. 436 (1966)).

The "functional equivalent" of an interrogation includes "any words or actions on the part of the police . . . that the police should know are reasonably likely to elicit an incriminating response." *Id.* at 301. We consider whether officers "intentionally created circumstances likely to elicit a statement" from a defendant, *United States v. Benton*, 996

---

[2] The failure to clear the lower hurdle of a substantial preliminary showing means that Rodriguez-Colon cannot meet the higher "preponderance of the evidence" standard for suppression. *See Franks*, 438 U.S. at 156 (the defendant must prove the *Franks* elements by a preponderance of the evidence to merit suppression); *Yusuf*, 461 F.3d at 383 ("In the end, the defendant must prove by a preponderance of the evidence that probable cause does not exist [when the falsehood or omission is corrected].").

F.2d 642, 644 (3d Cir. 1993), whether the defendant appeared emotionally distressed or overwrought, *Innis*, 446 U.S. at 302–03, and whether he "would have felt compelled to respond to the arresting officer's statement," *Benton*, 996 F.2d at 644.

These circumstances do not exist here as to Rodriguez-Colon's statements initiating conversation with the officers. Although Rodriguez-Colon invoked his right to remain silent and to counsel, he later engaged officers in conversation about his case and in response to subsequent questioning by the officers made incriminating statements about fentanyl. (App. at 65–66.) Before initiating this conversation about his case, there was no coercion by the officers, so it was not the "functional equivalent" of an interrogation. *Innis*, 446 U.S. at 301. Indeed, there is no indication in the record that "in the context of [their] conversation, the officers should have known that the respondent would suddenly be moved to make a self-incriminating response." *Id.* at 303; *see also Miranda*, 384 US. at 478 ("The fundamental import of the privilege . . . is not whether [a suspect] is allowed to talk to the police without the benefit of warnings and counsel, but whether he can be interrogated.").

At the time when Rodriguez-Colon asked officers about his case, he made a knowing and voluntarily waiver of his *Miranda* rights. His waiver is shown by his initial decision not to assert those rights at the Residence, his subsequent decision to assert them at the police station, and his later decision to initiate the discussion about his case at the medical center. *See United States v. Velasquez*, 885 F.2d 1076, 1084, 1087 (3d Cir. 1989) (after invoking *Miranda* rights, under *Oregon v. Bradshaw*, 462 U.S. 1039, 1045–46 (1983), an individual must knowingly and voluntarily waive their right to counsel and to

5

silence before any interrogation, and a decision to initially assert those rights and later discuss the case shows knowing waiver while initiating discussion shows waiver is voluntary). Thus, his incriminating statements made at the medical center, including the statements about fentanyl, were not the product of any *Miranda* violation.

## CONCLUSION

For these reasons, the District Court's denials of Rodriguez-Colon's motions to suppress were not erroneous and we will affirm the judgment.